IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Walter Costa,<br><br>    Petitioner,<br><br>v.<br><br>Arizona Corrections Director; Arizona Attorney General,<br><br>    Respondents. | No. CV 05-02898-PHX-NVW (DKD)<br><br>**ORDER** |

      Pending before the court is the Report and Recommendation ("R&R") of Magistrate Judge David K. Duncan (Doc. # 38) regarding Petitioner Walter Costa's Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. # 15). On February 28, 2007, the court issued an order rejecting Petitioner's objections to the R&R in substantial part, but also reserving judgment on Petitioner's objection "4(c)" until Respondents filed a pertinent response. Doc. # 42. Having examined the response, the court finds Petitioner's objection unpersuasive and adopts the R&R in its entirety.

      In objection 4(c), Petitioner asserts that his unanswered request for the Superior Court to prepare his post-conviction relief record pursuant to Arizona Rule of Criminal Procedure 32.4(d) created a pending proceeding that tolls the one-year statute of limitations at 28 U.S.C. § 2244(d)(1). Because the request was filed on February 15, 2001, he asserts, the statute of limitations has tolled since that date, and the petition is timely. The argument rests on 28

1  U.S.C. § 2244(d)(2), which provides that the "time during which a properly filed application
2  for State post-conviction or other collateral review with respect to the pertinent judgment or
3  claim is pending shall not be counted toward any period of limitation under this section."

4  For several reasons, Petitioner's argument is unpersuasive. First, Petitioner has not
5  satisfied his burden of showing the request was "properly filed." *See Smith v. Duncan*, 297
6  F.3d 809, 814 (9th Cir. 2002) (placing the burden on the petitioner to demonstrate that the
7  limitations period had been tolled). There is no indication in the record that Petitioner
8  actually filed his request with the Superior Court. As Respondents point out, neither the
9  Superior Court's docket nor the index of the record on appeal indicate that such a request was
10 filed, *see* Doc. # 43, Appendix 1, and the request itself does not bear a filing stamp from the
11 court's clerk. Although Petitioner did subsequently file a letter to the Superior Court
12 inquiring about the receipt of his February 15 request, the filing of an inquiry about a prior
13 request is substantively different than the request itself. If the Superior Court never received
14 the initial request, it would have lacked any basis for evaluating Petitioner's subsequent
15 inquiry.

16 Second, even if Petitioner hypothetically filed his request for preparation of the
17 record, the Superior Court had no obligation to rule on it because Petitioner filed it personally
18 while represented by counsel. Arizona trial judges may refuse to entertain pro per motions
19 filed by defendants who have legal representation. *See Abdullah v. United States*, 240 F.3d
20 683, 686 (8th Cir. 2001) (making this point without reference to Arizona law); *State v. Stone*,
21 122 Ariz. 304, 307-08, 594 P.2d 558, 561-62 (Ct. App. 1979) (rejecting the argument that
22 the Arizona Constitution provides for a right to hybrid representation).

23 Finally, Petitioner's objection asks for an overly broad interpretation of 28 U.S.C. §
24 2244(d)(2). The statute only permits "application[s] for State post-conviction or other
25 collateral review" to toll the limitations period. That language does not facilitate tolling
26 based on any type of filing. *See, e.g.*, *Malcolm v. Payne*, 281 F.3d 951, 958-59 (9th Cir.
27 2002) (holding that a petition for clemency under Washington state law is not an application
28 for "state post-conviction or other collateral review"); *Rodriguez v. Spencer*, 412 F.3d 29,

1  36 (1st Cir. 2005) (explaining that a pro se motion to revive an appeal or appoint counsel for
2  state post-conviction relief does not toll the statute).  To suffice, the disputed submission
3  must at least assert a basis for relief.  *Sibley v. Culliver*, 377 F.3d 1196, 1200 (11th Cir. 2004)
4  (holding that a notice of appeal failed to toll the statute of limitations because it did "not even
5  attempt to make a good faith effort to offer at least a potentially plausible or coherent basis
6  for granting . . . relief").  Because the purported February 15 filing only requested documents
7  and did not assert any grounds for invalidating Petitioner's conviction or sentence, it cannot
8  trigger tolling under 28 U.S.C. § 2244(d)(1).

9      IT IS THEREFORE ORDERED that the Report and Recommendation of Magistrate
10 Judge Duncan (Doc. # 38) is ACCEPTED.

11     IT IS FURTHER ORDERED that the Clerk of Court enter judgment that the amended
12 petition (Doc. # 15) is denied and dismissed with prejudice.  The Clerk shall terminate this
13 action.

14     DATED this 2nd day of April 2007.

_____
Neil V. Wake
United States District Judge